The **SOUTHERN CALIFORNIA, ARIZONA, COLORADO, AND SOUTHERN NEVADA GLAZIERS ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST,** an employee pension benefit plan; **CB Richard Ellis Investors, L.L.C.,** a Limited Liability Company as Investment Manager of the Southern CA AZ CO & Southern Nevada Glaziers Architectural Metal & Glass Workers Pension Trust; **LA Metromall LLC,** a California Limited Liability Company, Plaintiffs—Appellees,

v.

William L. **SEAY;** Robert A. Ferrante, an individual; Larry Rothman as Trustee of 5th Avenue Investment Trust I & II, a trust organized under CA law; Bristol Limited I, a California Corporation; Bristol Partners

LLC, a Delaware LLC; Carson Partners Inc., a California Corporation; Carson Realty Partners 1989 LP, a California LP; Metro Corporation Inc., a California Corporation, Defendants,

and

Peter A. Sardagna, an individual; Lamm Employees LP; Lamme Incorporated, Defendants—Appellants.

The Southern California, Arizona, Colorado, and Southern Nevada Glaziers Architectural Metal and Glass Workers Pension Trust; LA Metromall LLC, Plaintiffs,

and

CB Richard Ellis Investors, L.L.C., Plaintiff—Appellant,

v.

William L. Seay; Robert A. Ferrante, an individual; Larry Rothman as Trustee of 5th Avenue Investment Trust I & II, a trust organized under CA law; Bristol Limited I, a California Corporation; Bristol Partners LLC, a Delaware LLC; Carson Partners Inc., a California Corporation; Carson Realty Partners 1989 LP, a California LP; Metro Corporation Inc., a California Corporation, Defendants,

and

Peter A. Sardagna, an individual; Lamm Employees LP; Lamme Incorporated, Defendants—Appellees.

No. 02–55796, 02–56042.
D.C. No. CV–99–08045–WJR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2003.

Decided May 16, 2003.

Before BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

MEMORANDUM*

Peter Sardagna appeals the district court's orders and judgment for Glaziers Plan[1] and CB Richard Ellis granting the Plan equitable relief from an August 1995 Operating Agreement that the court found to be a prohibited transaction with a party in interest under § 406(a) of ERISA, 29 U.S.C. § 1106(a). The Plan has filed a protective cross-appeal challenging the district court's rejection of its claim that the Operating Agreement was an imprudent transaction that violated § 404(a) of ERISA, 29 U.S.C. § 1104(a). We have jurisdiction pursuant to 28 U.S.C. § 1291,

and affirm. Because the parties are familiar with the facts, we recite them only as necessary for this decision.

■ Sardagna argues that the district court erred in ruling that the statute of limitations was not violated. We review the statute of limitations issue de novo. *Pierce County Hotel Employees & Rest. Employees Health Trust v. Elks Lodge, B.P.O.E. No. 1450*, 827 F.2d 1324, 1328 (9th Cir.1987). The three-year statute of limitations started to run on September 1, 1998, when the Plan hired plaintiff CB Richard Ellis, the fiduciary plaintiff in this case, as investment manager of the Plan. 29 U.S.C. § 1113; *See Landwehr v. DuPree*, 72 F.3d 726, 732 (9th Cir.1995). This action was timely filed on August 6, 1999. *See id.*

■ Sardagna argues that judicial estoppel bars the Plan from seeking to have the August 16, 1995 Operating Agreement declared invalid. We review the district court's rejection of the equitable defense of judicial estoppel for an abuse of discretion. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir.2001). The equitable doctrine of judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Id.* The district court did not abuse its discretion in rejecting judicial estoppel because the court did not previously adopt an inconsistent position that the contract was valid, plaintiffs did not recover from the jury for breach of contract, and validity of the contract was not an issue raised by either party to the court.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Southern California, Arizona, Colorado, and Southern Nevada Glaziers Architectural Metal and Glass Workers Pension Trust.

■ Sardagna argues that the agreement was not a prohibited transaction under § 406 because Sardagna was not a party in interest service provider under ERISA. We review the district court's findings of fact for clear error and conclusions of law de novo. *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001); *Donovan v. Mazzola,* 716 F.2d 1226, 1228 (9th Cir.1983); *Dubner v. City of San Francisco,* 266 F.3d 959, 964 (9th Cir.2001). Sardagna's claim fails because he was a service provider who rendered continuous services as a real estate consultant for the Plan. *See* 29 U.S.C. § 1002(14)(B).

■ Sardagna argues, in the alternative, that his party in interest status ended with the execution of a Termination and Settlement Agreement, which stated that Sardagna was no longer a party in interest under ERISA. However, the parties' legal conclusion or subjective belief that Sardagna was not a party in interest under ERISA does not control. *Cf. Thomas, Head & Greisen Employees Trust v. Buster,* 24 F.3d 1114, 1119 (9th Cir.1994) (holding that an alleged fiduciary's state of mind does not determine fiduciary status under ERISA); *Acosta v. Pacific Enterp.,* 950 F.2d 611, 618 (9th Cir.1991) (stating that "a person's actions, not the official designation of his role," determine fiduciary status). Rather, ERISA defines a party in interest. *See* 29 U.S.C. § 1002(14). Following the Termination and Settlement Agreement, Sardagna provided the same real estate consulting services that he provided prior to the agreement. Therefore, he remained a service provider party in interest as defined by ERISA after the Termination and Settlement Agreement.

■ Sardagna argues that the Operating Agreement transaction was exempt from ERISA § 406 because LA MetroMall LLC, the entity created by the Operating Agreement, is a Real Estate Operating Company (REOC) under 29 C.F.R. 2510.3–101. However, the regulation defines the status of assets owned by a REOC when a plan owns an interest in the REOC, not whether or not the transfer of ownership rights and interests to an REOC is for the benefit of a party in interest, such as Sardagna. The Plan owned the Carson Property, through Carson Realty Partners, when the Plan entered into the Operating Agreement. The Carson Property was a plan asset within the meaning of ERISA § 406(a).

■ Sardagna argues that the district court erred in rejecting his defenses of laches and equitable estoppel because Plan lawyers wrote the Operating Agreement and the Plan waited too long to bring this action. We review a district court's decision to reject equitable estoppel and laches for an abuse of discretion. *Brother Records, Inc. v. Jardine,* 318 F.3d 900, 909 (9th Cir.2003); *cf. Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 832 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 600, 154 L.Ed.2d 520 (2002) (reviewing laches for clear error and an abuse of discretion). The district court did not abuse its discretion in refusing to apply laches or equitable estoppel against the fiduciary plaintiff for the actions taken by the agents of the breaching fiduciaries. Sardagna cannot establish the elements of equitable estoppel against the fiduciary plaintiff for actions taken by the breaching fiduciaries and their agents. *Cf. Greany v. W. Farm Bureau Life Ins. Co.,* 973 F.2d 812, 821 (9th Cir.1992) (setting forth the elements of federal common law equitable estoppel). Nor has Sardagna established that the fiduciary plaintiff unreasonably delayed in filing this action resulting in prejudice to Sardagna. *See Tr. for Alaska Laborers–Constr. Indus. Health & Sec.*

*Fund v. Ferrell,* 812 F.2d 512, 518 (9th Cir.1987).

Because we affirm the district court's decision, we need not reach the issues raised by the Plan in its protective cross-appeal.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.